**IN THE COURT OF APPEALS OF IOWA**

No. 16-0532
Filed February 22, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DARSHEEM T. SHEARS,**
      Defendant-Appellant.

_____

      Appeal from the Iowa District Court for Scott County, Mark R. Fowler, District Associate Judge.

      A defendant challenges his convictions. **AFFIRMED.**

      Les M. Blair III of Blair and Fitzsimmons, P.C., Dubuque, for appellant.

      Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

      Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge.**

Darsheem Shears appeals his convictions for driving while barred as a habitual offender, in violation of Iowa Code section 321.561 (2015), and eluding law enforcement at a speed that exceeded twenty-five miles per hour, in violation of Iowa Code section 321.279(2). He claims there was insufficient evidence to support his convictions, the verdicts were against the weight of the evidence, and the district court erred in refusing to allow the introduction of a potential witness's statement. We reject Shears's claims as to sufficiency and weight of the evidence. We also find no error in the district court's decision excluding an out-of-court statement because of a lack of trustworthiness. Thus, we affirm.

## I.    Background Facts and Proceedings

At approximately 2:00 a.m. on July 1, 2015, an officer working with the Scott County Sheriff's office was on patrol in the town of Buffalo. While stopped at an intersection, the officer saw a white van jump the curb as it made a right turn into a parking lot. The officer pulled into the parking lot to investigate, and the van began driving toward the officer's squad car. The officer attempted to get the driver's attention with a quick burst of light from his flashlight, but the driver kept going. As the van drove by the officer's car, he shined his flashlight into the driver's side window and observed "a younger male black driver" with a "short skinny build."

The officer followed the van as it exited the parking lot, called for back-up, and attempted to initiate a traffic stop. The van did not stop and instead led the officers on a high-speed chase. During the pursuit, one officer noted there were three people in the car, and another officer saw a taller person in the passenger

seat. The van escaped the initial pursuit by going the wrong way down a one-way street, but about an hour later, a third officer stopped the van. At that time, the driver, Dennis Kirks, was the only occupant. The officer who initially saw the driver in the parking lot said Kirks was not the driver in the earlier pursuit after he was shown a picture of Kirks and later talked with Kirks in person. The officer was then shown a picture of Shears and immediately identified him as the driver.

The trial information, as amended, charged Shears with one count of driving while barred as a habitual offender and one count of eluding law enforcement. At trial, Shears's defense was that Kirks had been driving during the initial encounter and pursuit. Another passenger in the car supported this defense by testifying that Kirks was driving. He also confirmed Kirks was nearly one foot taller than Shears. The jury heard testimony from the officers and saw dash-cam video of the pursuit. Shears also attempted to introduce an out-of-court statement from Kirks, in which Kirks admitted he was the driver of the van. The State objected on hearsay grounds. The district court determined the statement failed to meet the requirements of the declarant-unavailable exception to the general ban on hearsay evidence and refused to admit the statement. Shears was convicted on both counts. He filed a motion for a new trial claiming the jury's verdict was against the weight of the evidence, which the district court denied. Shears appeals.

## II.     Standard of Review

"Sufficiency of evidence claims are reviewed for a correction of errors at law." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). The jury's verdict will not be disturbed if it is supported by substantial evidence. *Id.* "Evidence is

considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.* As always, the jury is free to give weight to the evidence it chooses and reject the evidence it chooses. *Id.*

We review a district court's decision on a motion for a new trial for abuse of discretion. *State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006). A court may order a new trial when the verdict is "contrary to the weight of the evidence." *Id.* (citations omitted). "Unlike the sufficiency-of-the-evidence analysis, the weight-of-the-evidence analysis is much broader in that it involves questions of credibility and refers to a determination that more credible evidence supports one side than the other." *Id.* "[A]ppellate review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003).

We generally review evidentiary rulings for abuse of discretion; however, we review hearsay claims for errors at law. *State v. Paredes*, 775 N.W.2d 554, 560 (Iowa 2009).

### III.    Sufficiency of the Evidence

Shears claims the evidence was insufficient to support his conviction on both counts. Specifically, he asserts the evidence failed to identify him as the driver of the vehicle. He argues there was strong evidence Kirks was the driver and the officers' identification of him as the driver was unreliable.

Our review of the record indicates sufficient evidence to support the jury's verdict. Shears did not dispute he was in the vehicle during the pursuit; thus, the

only question is whether he was the driver. While the third person in the van claimed Shears was the passenger, one deputy immediately rejected the suggestion that Kirks, who had been taken into custody with the vehicle, was the driver and instead identified Shears as the driver. Another officer testified that he saw a taller person in the passenger seat during the pursuit, which partially confirmed the deputy's testimony. The jury was free to evaluate the witnesses at trial and determine which, if any, it believed. *See Sanford*, 814 N.W.2d at 615. The jury could have reasonably determined the officers' testimony was more credible than the passenger's to reach a guilty verdict. Accordingly, we conclude there was sufficient evidence to support the jury's verdicts of guilty on both counts.

## IV. Motion for New Trial

Shears next asserts the district court erred in denying his motion for new trial because the verdict was contrary to the weight of the evidence, which he claims indicated Kirks was the driver.

In denying Shears's motion for a new trial, the district court noted he "was the presiding judge in the trial of this matter and recalled the circumstances of . . . the defendant's motion." The court then denied the motion without further comment. The only significant disputed issue at trial was whether Shears was the driver. The competing evidence was limited to the passenger's testimony that Kirks was the driver weighed against the deputy's testimony identifying Shears as the driver, the other officer's observations as to the build of the passenger, and the video recordings. Shears claims the dash-cam videos raise doubt as to who was actually driving, but as the State notes, although the video

is grainy it supports that the taller person—Kirks—was the passenger and Shears was the driver. After observing the witnesses, evaluating their credibility, viewing the dash-cam videos, and alluding to its recall of the points raised by Shears, the district court denied the motion. Under these circumstances, we cannot say the court abused its discretion in determining the verdict was not against the weight of the evidence and denying the motion. Thus, we affirm.

## V. Exclusion of Kirks's Statement

Shears also asserts the district court erred in failing to admit a written and video statement from Kirks, in which Kirks admits to being the driver of the vehicle while denying his earlier statements to police that Shears was the driver.[1] Shears argues the statement falls within the declarant-unavailable exception to the general ban on hearsay and should have been admitted. The State claims the statement lacked indications of trustworthiness and was properly excluded.

Iowa Rule of Evidence 5.804(a)(5) provides a person is unavailable as a witness when they are "absent from the trial or hearing and the proponent of a statement has been unable to procure the declarant's attendance by process or other reasonable means." Rule 5.804(b)(3) outlines one scenario when an unavailable witness's testimony may be admitted: "A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is

---

[1] The court read the statement into the record:

"I, Dennis Kirks, am writing this sworn statement to state I had lied and said Darsheem Shears was driving. What happened was I leaned back in the driver's seat as"—then crossed off is the words "Darsheem looked out driver's seat at Darsheem," and then now we're back to uncrossed out words—"[a]s Darsheem looked out driver window to see if cop was looking at us. Darsheem said cop flashed the light in the car, then leaned back in the passenger seat. The reason of me lying was because I was scared and didn't want to go to jail. Sorry for any inconvenience I have caused Darsheem Shears."

not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." In determining trustworthiness, the Iowa Supreme Court has approved consideration of the following factors:

> (1) whether there is any apparent motive for the out-of-court declarant to misrepresent the matter, . . . (2) the general character of the speaker, . . . (3) whether other people heard the out-of-court statement, . . . (4) whether the statement was made spontaneously, . . . (5) the timing of the declaration[, and (6)] the relationship between the speaker and the witness.

*Paredes*, 775 N.W.2d at 567–68 (alteration in original) (citation omitted). The court also noted that the information contained in the statement may also be considered. *Id.* at 567.

The district court determined Kirks was unavailable under rule 5.804(a)(5) but excluded the statement because it lacked indications of trustworthiness.

> And in my brief review of the issue, one thing that keeps coming up is whether or not the statement is sufficiently corroborated by the circumstances that clearly indicate trustworthiness. And some of the things to be considered are the relationship between the declarant and the accused, whether the statement was made voluntarily after *Miranda* warnings, and whether there was evidence that the statement was made in order to curry favor with the authorities. One of the issues is whether this statement would subject him to criminal liability, or expose him to criminal liability.
> I'm not going to let the statement in for a variety of reasons. The first is it's a very vague statement as to time and date and when it actually occurred and what he's actually talking about. Second is he's a friend with the defendant. In fact, the statement was made to the defendant, and I believe the defendant then filmed him reading this, is what I've been told. And so I'm—I have issues about whether Mr. Kirks was pressured into making this statement. It was also not made under oath.

Upon our review of the record, we conclude the district court properly considered the admissibility of the out-of-court statement. In determining the statement did not contain indications of trustworthiness, the court identified

factors that mirrored those our supreme court has identified. Further, its analysis and ultimate conclusion was based on those factors. Specifically, the court expressed concern that the context of the statement was not entirely clear, that the statement was made by someone with a friendly relationship with Shears, and that the statement was made to Shears alone, while Shears recorded it— indicating the potential the declarant was pressured into making the statement. Because we find no error in the district court's analysis, we affirm its evidentiary ruling regarding the out-of-court statement.

## VI. Conclusion

Because we reject Shears's claims regarding the sufficiency of the evidence and find no abuse of discretion in the district court's denial of his motion for new trial and no error in the district court's refusal to admit the out-of-court statement, we affirm his convictions.

**AFFIRMED.**